IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN C. BRENNER, | ) | No. 08 C 826 |
| | ) | |
| Plaintiff, | ) | |
| | ) | The Honorable William J. Hibbler |
| v. | ) | |
| | ) | |
| STEVEN GREENBERG, | ) | |
| GARY WEBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 15, 2008, Steven Brenner sued his former business partners and a host of corporate entities for breach of contract and defamation. Subsequently, the defendants moved to dismiss the complaint asserting *inter alia*, that this Court lacked jurisdiction. Because the plaintiff's complaint is inadequately drafted, the Court is unable to ascertain whether there is complete diversity of citizenship between the parties. In the interest of justice, however, the Court is holding the Defendants' motion to dismiss in abeyance and granting the plaintiff twenty one days to re-file this action and remedy the jurisdictional defects. Failure to file a Second Amended Complaint will result in dismissal with prejudice.

## ANALYSIS

The district courts of the United States are courts of limited jurisdiction and only possess the powers that are authorized by the Constitution and federal statute. *Exxon*

1

*Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). In order to provide litigants with a neutral forum, Congress granted district courts the authority to adjudicate disputes between litigants with diverse citizenship. *Id.* Specifically, 28 U.S.C. § 1332(a)(1) provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... *Citizens* of different States ..." (emphasis added). Therefore, courts only have "diversity jurisdiction" when the plaintiff is a citizen of a different State from each and every defendant; "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon*, 545 U.S at 553.

A federal district court is required to independently examine whether it has jurisdiction before reaching the merits of any claim. *Hammes v. AAMCO Transmissions*, 33 F.3d 774, 778 (7th Cir. 1994). In his First Amended Complaint, Brenner claims this Court has jurisdiction because there is diversity of citizenship between the litigants. (1st Am. Compl. ¶ 1). The Court, however, can not simply take Brenner's word for it. To show that a case belongs in federal court under 28 U.S.C. § 1332(a)(1), a plaintiff must allege the citizenship of every party. Here, that has not happened. For example, Brenner alleges that he resides in California, while Steven Greenberg and Gary Weber are the co-owners of a trading corporation located in Illinois. (1st Am. Compl. ¶¶ 3-4). The Complaint does not mention the citizenship of the individual defendants.[1] Next, Brenner claims the thirteen corporate defendants are all "owned and controlled by the defendants

---

[1] Brenner corrects one of the pleading defects by alleging in a subsequent affidavit that he is a citizen of California; but he still failed to allege the citizenship of either of the individual defendants.

Greenberg and Weber" and "are alter-egos of Greenberg and Weber ..." (1st Am. Compl. ¶ 5). But once again, Brenner makes no mention of citizenship. In response to the present jurisdictional challenge, Brenner claims he "alleged succinctly, that the defendants *reside* in this district *i.e*, the Northern District of Illinois and that plaintiff *resides* in Palm Desert, California, thus conferring diversity jurisdiction on the Court." (Pl. Resp. Br. at ¶ 3.) (emphasis added). It appears Brenner is working from a flawed understanding of diversity jurisdiction.

The test for diversity jurisdiction is not the residency of the litigants, but their citizenship. *Hammes*, 33 F.3d at 783 ("it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the *citizenship* of the parties ...")(emphasis added); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658, n.1 (7th Cir. 2001) ("[plaintiff] alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to establish diversity jurisdiction."). To be clear, a plaintiff must allege the citizenship of both the individual defendants *and* any corporate defendants. *See, e.g., DTE Methane Res., v. Williamson Dev.*, 2008 U.S. Dist. LEXIS 75186, No. 08 C 673, 2008 WL 4445419 at *2 (S.D. Ill. Sept. 29, 2008) ("Plaintiff only alleges the residences of the members of the limited liability companies involved in this action, not their citizenships. Therefore, Plaintiff has insufficiently established diversity jurisdiction."). For diversity jurisdiction purposes, a corporation is a citizen of any State where it has been incorporated and also of the State where it has its principal place of business. *Wachovia Bank, v. Schmidt*, 546 U.S. 303, 306, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006). By contrast, a partnership, general or limited, is considered a citizen of each State in which its partners are citizens. *Cosgrove v.*

3

*Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Similarly, limited liability companies are citizens of "every State of which any member is a citizen." *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881, n.1 (7th Cir. 2004). Brenner's First Amended Complaint makes no mention of the citizenship status of the various business entities named in this action. This is extremely problematic for jurisdictional purposes. *See, e.g., Cosgrove*, 150 F.3d at 731 ("if even one of the partners [of a limited liability partnership] is a citizen of the same State as the plaintiff, the suit cannot be maintained as a diversity suit."). Accordingly, the Complaint is insufficient to satisfy the Court that diversity of citizenship exists between the litigants.

## CONCLUSION

The Court in its discretion will allow Brenner twenty-one days to re-file this action and properly allege diversity jurisdiction. Therefore, the Defendants' motion to dismiss is held in abeyance pending the filing of Brenner's Second Amended Complaint.

IT IS SO ORDERED.

_____12/0/08_____  
Dated

_____Wm. J. Hibbler_____  
The Honorable William J. Hibbler  
United States District Court

DEC 0 3 2008

4