

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. BRENNER ) | |
| ) | |
| Plaintiff, Counter-Defendant, ) | |
| ) | No. 08 C 826 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| STEVEN GREENBERG & GARY WEBER, ) | |
| ) | |
| Defendants, Counter-Plaintiffs. ) | |

## MEMORANDUM OPINION AND ORDER

In his Fourth Amended Complaint, Steven Brenner alleges that in July 2007 he entered into an agreement ("the Settlement Agreement") with Defendants wherein he made a number of promises and released any claims he might raise against Defendants regarding a previous business relationship between the parties. Brenner alleges that Defendants breached the Settlement Agreement and, additionally, that Defendant committed slander. Defendants have now filed a Counterclaim in which they allege that Brenner breached the Settlement Agreement. Brenner now moves the Court to dismiss Defendants' Counterclaim in substantial part. For the reasons set forth below, the Court denies the motion.

### *STANDARD OF REVIEW*

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a claimant must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S.

1

89, ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Because this motion to dismiss is directed at a counterclaim, the Court treats well-pleaded allegations contained in the Counterclaim as true, and draws all reasonable inferences in the counter-plaintiffs' favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

## BACKGROUND

In July 2007, the parties entered into a Settlement Agreement to resolve a dispute regarding their failed business relationship. Plaintiff Brenner later brought the underlying complaint, setting forth claims based on the events that led up to the Settlement Agreement as well as on Defendants' alleged breach of the Settlement Agreement itself. After Defendants warned Brenner that they would seek Rule 11 sanctions if he pursued any claims he had released when he signed the Settlement Agreement, Brenner amended his complaint and withdrew claims based on the events leading up to the Agreement. Then, pursuant to the Court's order of June 18, 2009 on Defendants' motion to dismiss, Brenner filed the final version of his complaint. The Fourth Amended Complaint contains a claim for slander and defamation and a claim for Defendants' alleged breach of the Settlement Agreement.

In their counterclaim, Defendants sue Brenner for breaching the Settlement Agreement in three ways. First, Defendants argue that Brenner breached by raising claims in his original complaint that he had released under the Agreement. Second, they argue that Brenner breached his promise in the Settlement Agreement to return and/or delete all copies of any documents and communications in his possession related to Defendants and their relationship with Brenner. Third, they argue that he breached his promise not to make any disparaging remarks about

Defendants or to discuss or disclose any information concerning them to anyone. Brenner moves to dismiss Defendants' Counterclaim insofar as it is based on their first two theories.

*DISCUSSION*

**I. Breach by filing released claims**

Brenner first contends that the Court has already spoken with regard to Defendants' claim that he breached the agreement by including certain released claims in his original complaint. Defendants argued in their motion to dismiss that Brenner's breach of contract claim should be dismissed because Brenner filed the released claims, thus failing to tender full performance himself. The Court denied this argument in its June 18th order. *Brenner v. Greenberg, et al.*, No. 08 C 826, 2009 WL 1759596, *5 (N.D. Ill. June 18, 2009). However, contrary to Brenner's contention, the Court did not definitively rule that no action would lie for Brenner filing those claims. *Id.* Instead, the Court held that, assuming all of Brenner's allegations were true, and making all inferences in his favor, he had not pleaded himself out of court because he had not committed the first uncured material breach. *Id.* The burden now lies with Brenner, however, and the benefit of the doubt goes to Defendants. Defendants allege that Brenner was the first and only party to breach and that they were harmed as a result. Thus, Brenner's motion to dismiss fails on this ground and Defendants' first theory of liability stands.

**II. Breach by failing to turn over and dispose of documents**

Brenner also moves to dismiss Defendants' claim that he breached by keeping documents that he agreed to turn over or destroy. Brenner makes a few arguments in support of this point.

**A. Public policy and the term's enforceability**

First, Brenner argues that the Court should refuse to enforce the term in the Settlement Agreement requiring that he turn over or delete virtually every document and communication in

3

his possession regarding Defendants or his relationship with them because the term violates public policy. Brenner claims that the term stripped him of his fundamental right to protect himself in a legal action and required him to turn over business records that he was required to keep by federal tax law. Brenner cites scarce legal authority in support of his position, relying mostly on Supreme Court precedent reading the Due Process Clause to guarantee criminal defendants the right to present evidence at trial. *See Hamling v. U.S.*, 418 U.S. 87, 150, 94 S. Ct. 2887, 2924, 41 L. Ed. 2d 590 (1974) (dissent); *Specht v. Patterson*, 386 U.S. 605, 610, 87 S. Ct. 1209, 1212, 18 L. Ed. 2d 326 (1967). However, even assuming Brenner had such a "fundamental right," upon entering into the Settlement Agreement, he agreed to, among other things, release any claims he had against Defendants. In fact, that was one of the main purposes of this, and arguably every, Settlement Agreement. Thus, to argue that another term in the Agreement stripped him of his "fundamental right" to present evidence in support of those claims that he had released is counterintuitive.

The Court is also not convinced by Brenner's argument regarding tax law. Brenner does not cite to any federal law requiring him to keep copies of specific documents covered by the agreement, but at this stage Defendants do not seem to be complaining that he kept any of the business records he is describing. Instead, they complain that he kept copies of communications between the parties, including emails. Thus, accepting Brenner's argument for the moment, the term only offends public policy to the extent that it applies to business records he was required to keep by law. Because the Settlement Agreement allows for severance of unenforceable provisions, and the Defendants have limited their claims, the Court may in its discretion decide to sever any provision that is indeed unenforceable. *Abbott-Interfast Corp. v. Harbakus*, 250 Ill. App. 3d 13, 21, 619 N.E.2d 1337, 1343-44 (Ill. App. Ct. 1993).

4

Moreover, in construing the terms of the contract, the Court will take the legal framework in place into account. *Florida E. Coast Ry. Co. v. CSX Transp., Inc.*, 42 F.3d 1125, 1129 (7th Cir. 1994). In a situation such as this, where the dispute is not actually based on the arguably illegal application of the term, the Court may assume that the parties understood the law in effect at the time of the contract's execution and interpret the term accordingly. *Id.* at 1129-32 (construing settlement agreement not to apply in situations where it would be illegal). Thus, the Court will assume that the parties did not intend to require Brenner to divest himself of all copies of documents that he was required by law to keep. The Court's decision is supported by the language of the paragraph in question, which implies the parties' intent not to require Brenner to violate the law in his attempts to comply with the contract. For instance, Brenner promised not to make disclosures regarding his dealings with Defendants "except as…required by law."

### B. Waiver

Brenner next argues that Defendants waived their right to sue under this provision because when they paid him, they tendered full performance despite the fact that he had not turned over and deleted all of the documents in question. Brenner's argument suffers from a fatal logical flaw. Defendants do not allege that they had any knowledge of Brenner's failure to perform. In fact, they allege that Brenner provided them with a sworn affidavit in which he stated that he had turned over and deleted all of the covered documents.

In his reply brief, Brenner makes another argument for waiver. He urges the Court to find that Defendants waived their rights under this provision because they indicated that strict compliance was not required by failing to enforce the provision with regard to the business records Brenner believes he could not legally turn over. Not only has the Court rendered this argument moot by ruling that the provision did not require Brenner to turn over any such

documents, but Brenner's argument would fail anyway because Defendants have not alleged that Brenner failed to turn any documents over besides those which form the basis of the suit. As the Court must take Defendants' allegations as true, the Court cannot assume that Brenner was in possession of other documents that Defendants have not addressed in their allegations or that Defendants were aware of it.

### C. Strict construction against the drafter

Finally, Brenner argues that if the term at issue did not in fact cover documents he could not legally relinquish, it was drafted ambiguously and should therefore be construed strictly against Defendants as drafters of the Settlement Agreement. Defendants point out that the Settlement Agreement contained a term precluding the application of rules of construction based on who drafted it. Regardless of whether the Court would apply this term, however, the Court fails to see how strict construction against Defendants would lead the Court to grant Brenner's motion. Now that the Court has determined that the term did not cover the documents Brenner could not legally relinquish, there is no ambiguity remaining that affects the Court's reasoning above regarding Brenner's other arguments. Thus, the Court denies this argument as well.

## *CONCLUSION*

For the above reasons, Brenner's motion to dismiss is denied.

IT IS SO ORDERED.

10/30/09
Dated

Hon. William J. Hibbler
United States District Court